OPINION OF THE COURT
James D. Pagones, J.
Karissa T., the self-represented mother of nine-year-old Gabriella H.F., has filed a petition under SCPA article 17 to be appointed the guardian of a savings account established for the child’s benefit pursuant to 26 USC § 529 — “Qualified tuition programs.” The account is commonly referred to as a 529 plan. A 529 plan is a college savings account that is afforded certain tax benefits for its creator. Karissa alleges that the 529 plan had an initial investment of $10,000 (petition ¶ 8).
The application is opposed by the account’s current owner, petitioner’s mother, Deborah G. Deborah is also self-represented. The child’s father, Giovanni F, appeared on the return day of the citation for this proceeding (Nov. 6, 2014). The father expressed no opinion as to Karissa’s petition at that time. He has not appeared at subsequent appearances scheduled by the court. Deborah made an on the record application on February 26, 2015 to dismiss the petition.
Attorney Theoni Stamos-Salotto was appointed guardian ad litem (GAL) for Gabriella. The GAL has filed an initial and two supplemental reports with her recommendations. She urges the court to deny the petition, continue Deborah as the owner of the 529 plan account, and, if appropriate, appoint her as guardian of Gabriella’s property.
The court has taken judicial notice of undisputed court records and files (see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13 [2d Dept 2009]; Matter of Khatibi v Weill, 8 AD3d 485 [2d Dept 2004]).
Deborah was appointed permanent guardian of the person of Gabriella by order of the Dutchess County Family Court on January 9, 2014. Karissa has since filed a petition in that court to regain custody of her daughter. The petition is opposed by Deborah. A trial is presently scheduled to occur on April 28, 2015.
*359 The record indicates that the subject 529 plan account was established for Gabriella’s benefit with Franklin Templeton Investments by her great-grandmother, Margaret E.T. Margaret died on April 4, 2009 survived by her son, Thomas T, Gabriella’s maternal grandfather. Thomas was supposed to assume ownership of the 529 plan account but failed to do so. Thomas died intestate on November 26, 2012. Thomas was the father of Karissa and Jon-Erik T. Jon-Erik was appointed administrator of Thomas’ estate by this court on March 1, 2013. He provided the identical information to Karissa and Deborah to re-register the account. Deborah was able to acquire ownership of the 529 plan in compliance with the procedure outlined by the Franklin Templeton 529 College Savings Plan. It appears from the record that Deborah assumed ownership of the plan after she was awarded guardianship of Gabriella’s person by the Family Court.
The issue for determination is whether a 529 college savings plan is property belonging to an infant which is subject to the provisions of SCPA article 17. It is not.
According to New York’s 529 College Savings Plan:
“If you die, and you haven’t named someone to succeed you as account owner, your beneficiary (the student benefiting from the account) does not become the account owner. Instead, your 529 plan account would become part of your estate and may need to go through the often costly and time-consuming probate process. Your executor or administrator may have to appoint a new account owner. That person would then have complete control over your account and could withdraw all of the funds or make other decisions not in the beneficiary’s best interests” (NY’s 529 College Savings Program, Choose the right successor account owner for your 529, www. nys aves. org/content/2nd_quarter_2012 .html).
The Franklin Templeton 529 College Savings Plan Investor Handbook (Dec. 1, 2014) provides:
“[1.] [I]f the Account Owner has not designated a person as a successor Account Owner on the Account application or in a Franklin Templeton 529 College Savings Plan Account Revision Form . . . [a] trustee or guardian for the Beneficiary (if the Beneficiary is less than 18 years old) becomes the owner of the Account . . . [2.] Once a trustee or *360 guardian has assumed ownership of such an Account, no further contributions to the Account will be accepted and the guardian or trustee may not change the Beneficiary.”
The Internal Revenue Service has a question and answer website for 529 plans (www.irs.gov/uac/529-Plans:-Questions- and-Answers). The site informs in relevant part:
“Q. Who controls the funds in a 529 plan?
“A. Whoever purchases the 529 plan is the custodian and controls the funds until they are withdrawn.” (Id.)
The record indicates that the great-grandmother did not designate a successor and her son, Thomas, never took affirmative steps to assume ownership. Gabriella’s grandmother, Deborah, did complete the process.
Based upon the foregoing genealogical outline and relevant literature on the subject, the ineluctable conclusion is that a guardianship under SCPA article 17 has no authority over a 529 plan account. The account is not considered the property of an infant. Indeed, Deborah, as the guardian for Gabriella, is the owner of the account. However, at this juncture, no further contributions to the account can be made, and Deborah is prohibited from changing Gabriella as the beneficiary. The account balance will presumably increase under the stewardship of Franklin Templeton Investments until such time as Gabriella decides to take advantage of the gift created originally by her great-grandmother and attend an eligible educational institution as defined by federal and New York State law.
In the event Gabriella decides not to, Deborah can disburse the account balance directly to her. Gabriella would then be subject to all applicable federal, state and local taxes and penalties as the recipient (www.nysaves.org/content/ planbenefits_withdrawals.html). Or, Deborah could name Gabriella as the successor owner by completing a Franklin Templeton 529 College Savings Plan Account Revision Form. This will give her the discretion to designate a new “member of the family” as the beneficiary (Franklin Templeton 529 College Savings Plan Investor Handbook at 10-11 [Dec. 1, 2014]). The overriding purpose of the 529 plan is to insure that the funds are preserved and passed to Gabriella.
The petition for guardianship of the property is dismissed with prejudice.